UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-21569-CIV-MORENO

JACQUELINE POLVENT,

    Plaintiff,

vs.

GLOBAL FINE ARTS, INC., and BWB GALLERIES, INC.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

    Plaintiff, a contemporary French painter, whose nom de plum is "JalinePol", entered into a licensing agreement with Defendant Global Fine Arts, Inc. for the worldwide distribution of her artwork. Defendant Global Fine Arts, Inc. is moving to compel arbitration under the terms of the licensing agreement. Plaintiff opposes the motion claiming the licensing agreement has expired by its terms. The Court agrees with Global Fine Arts, Inc. that whether the agreement expired or was terminated is an issue for the arbitrator. The Court also finds JalinePol's claims fall under the purview of the agreement, even though the claims sound in copyright law.

    THIS CAUSE came before the Court upon the Defendant Global Fine Arts, Inc.'s Motion to Compel Arbitration **(D.E. No. 14)**, filed on **July 1, 2014**.

    THE COURT has considered the motion, the response, oral argument, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

    **ADJUDGED** that the motion to compel arbitration is GRANTED.

## I. Background

Plaintiff, Jacqueline Polvent filed this action for copyright infringement stemming from a 2003 agreement with Defendant Global Fine Arts, Inc. as a worldwide distributor and publisher of her artwork. That agreement contained an arbitration clause. Plaintiff states the agreement expired by its terms on March 31, 2013, before this suit was filed.

Polvent, whose nom de plum is "JalinePol" is a contemporary French painter residing in France. In 2001, Mr. Del Bloss and his wife began operating Defendant Global Fine Arts, Inc. an Indiana corporation engaged in the business of publishing and distributing fine art. Global Fine Arts is based in South Bend and maintains relationships with galleries across the United States. In 2001, Mr. Del Bloss saw JalinePol's paintings in Paris, France.

By early 2003, Mr. Del Bloss, acting on behalf of Defendant Global Fine Arts, approached JalinePol and the parties entered into an agreement granting Global Fine Arts a worldwide distribution license for her works. Plaintiff did not enter into an agreement with Defendant BWB Galleries, Inc. Six months before the license agreement expired, JalinePol and Global Fine Arts met to discuss the terms of a new licensing agreement. The parties never reached a new deal in writing. Defendant Global Fine Arts claims that JalinePol continued to accept the minimum payments made by Global Fine Arts under the original agreement. Global Fine Arts claims that JalinePol never terminated the agreement in writing. The term of the agreement reads as follows:

> Unless terminated as provided herein, this initial term of this Agreement shall be a Five (5) year period (April 1, 2003 through and including March 31, 2008) and unless either party has given the other party written notice of its decision to terminate at least One (1) year prior to the end of such Five (5) year term, this Agreement will be automatically renewed for a successive and consecutive Five (5) year period(s).

The 2003 agreement also contains an arbitration clause stating as follows:

> All disputes arising under this Agreement shall be submitted to binding arbitration before an independent third party mutually agreed upon by the parties. If the parties are unable to agree on an independent third party arbitrator, the matter shall be submitted to an arbitrator, located in Chicago, Illinois...

In April 2014, Global Fine Arts sent a letter to JalinePol invoking the mandatory arbitration clause, enclosing a written demand for arbitration, alleging that she breached the agreement and tortiously interfered with Global Fine Arts' contracts with galleries. Global Fine Arts then sought JalinePol's agreement on an arbitrator. Rather than agree on an arbitrator, JalinePol filed this case alleging that Global Fine Arts' actions after the expiration of the agreement constituted copyright infringement.

Defendant Global Fine Arts is moving to compel arbitration or alternatively, to transfer venue to the Southern District of Indiana in South Bend, because that is where the vast majority of the witnesses, documents, and artwork at issue are located and where the negotiations for the agreement took place.

## II. Legal Standard Analysis

The Federal Arbitration Act ("FAA") is a "congressional declaration of a liberal federal policy favoring arbitration, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The FAA establishes a substantive body of federal law that promotes a strong federal policy favoring arbitration, requires district courts to rigorously enforce private arbitration agreements, and reverses centuries of judicial hostility to arbitration agreements. *See Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474-476 (1989). At the same time, courts "should

not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *Cont'l Florida Materials, Inc. v. M/V Lamazon*, 334 F. Supp. 2d 1294, 1297 (S.D. Fla. 2004) (quoting *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 288-89 (2002)). In reviewing a motion to compel arbitration, a district court must consider three factors: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. *Integrated Security Servs. v. Skidata, Inc.*, 609 F. Supp. 2d 1323, 1324 (S.D. Fla. 2009).

Compelling arbitration in this case will turn on whether the 2003 agreement was terminated or whether the arbitrator should decide that issue in lieu of the Court. If the Court finds the arbitrator must decide the termination issue, the Court must also determine whether JalinePol's claims are within the scope of the arbitration provision before compelling arbitration.

### *Termination of the Agreement*

Plaintiff claims the dispute is not arbitrable because the licensing agreement expired prior to this suit being filed. Defendant Global Fine Arts disputes the agreement was indeed terminated. It is undisputed that although the parties did not finalize a new agreement, neither side terminated the 2003 agreement in writing. Plaintiff is requesting the Court apply Indiana law to decide this issue. The Eleventh Circuit, however, has stated that in determining arbitrability, district courts must apply the federal substantive law governing arbitration. *See Lawson v. Life of the South Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011) (stating the federal substantive law of arbitrability applies to any arbitration agreement within the coverage of the Federal Arbitration Act).

In this case, Plaintiff's challenge is not directed at the arbitration provision, but rather, it is

-4-

directed to the validity of the contract as a whole, i.e. whether it had expired. Any "challenge to the validity of a contract as whole, and not specifically to the arbitration clause, must go to the arbitrator.'" *Shea v. BBVA Compass Bancshares, Inc.*, No. 12-23324, 2013 WL 869526, *4 (S.D. Fla. March 7, 2013) (quoting *Integrated Security Servs.*, 609 F. Supp. 2d at 1325). In *Shea*, the Court found the validity of the underlying agreement containing the arbitration provision was a decision for the arbitrator, even though the plaintiff had closed his account with defendant. *Id.* In this particular case, there is a dispute as to whether the parties agreement was expired as the agreement contained an automatic renewal provision. Moreover, there is evidence on the record that Plaintiff continued to receive payments under the 2003 agreement after the date the agreement she claims the agreement expired. Accordingly, the Court finds the issue of whether the contract was expired is a decision for the arbitrator.

### *Scope of Arbitration Provision and Plaintiff's Copyright Claims*

The Court also finds the claims in Plaintiff's complaint fall within the ambit of the arbitration clause. Plaintiff, however, claims that her suit falls under the Copyright Act, not the agreement. The Eleventh Circuit held in *Hemispherx Biopharma v. Johannesberg Consol. Invs.*, 553 F.3d 1351, 1366-67 n. 16 (11th Cir. 2008) that claims "arise under" an arbitration agreement when the claim was a "foreseeable result" of the performance of the underlying agreement. Here, Plaintiff's copyright claims are predicated on the alleged termination of the license agreement and there is a dispute as to whether the agreement was terminated. Moreover, Plaintiff's copyright claim alleges Defendant Global Fine Arts sold, displayed and distributed Plaintiff's artwork, i.e. the very same acts that Global Fine Arts was authorized to do under the licensing agreement. Given the broad language

of this arbitration clause, the Court finds these acts were a "foreseeable result" of the performance of the underlying agreement.

DONE AND ORDERED in Chambers at Miami, Florida, this 18 day of September, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record